IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-59,692-02






EX PARTE MILTON LOUIS HURD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY






 Price, J., filed a statement concurring in the denial of the application.



S T A T E M E N T



 The applicant has filed an application for writ of habeas corpus alleging an
unconstitutional imposition of sex offender requirements as a condition of his parole release. 
 I agree with the majority that we should deny this application. I write separately to explain
why.

 The applicant was convicted of burglary of a habitation with intent to commit
indecency with a child in 1976. In 1980, the applicant had completely discharged his
sentence and was released from prison. The applicant was convicted in 1989 of a felony drug
offense and was sentenced to twenty-years imprisonment. In 2000, the Board of Pardons and
Paroles voted to release him, but then withdrew its decision after the applicant refused to
participate in a sex offender treatment program. In 2001, he filed a writ alleging the
unconstitutional imposition of sex offender requirements as a condition for parole eligibility
on a controlled substance conviction. 

 While the trial court was considering the 2001 writ, the applicant was released on
mandatory supervision from the controlled substance conviction. One of the conditions of
his mandatory supervision was that he participate in the sex offender treatment program and
register as a sex offender. 

 Consequently, the applicant has filed this writ, claiming that the sex offender
registration and treatment conditions of supervised release were unconstitutional as applied
to him, because he discharged his sentence for the sexual offense in 1980, before the
registration requirements even came into being. 

 Under the current application, we are unable to examine the merits of the applicant's
claim, because the current writ challenges the sexual offender conditions as attachments to
his 1976 sexual offense, cause number 245666. The conditions that the applicant complains
of, however, are actually conditions of release to cause number 549944, the drug offense. 
If the complaint were that the sex offender conditions were improperly attached to the drug
offense, the applicant's claim might be colorable. (1) Because the applicant improperly
complains of the release requirements as attached to the earlier, discharged, sexual offense,
rather than the drug offense, I am voting to deny the application. 

 With these comments, I join the majority.


Filed: April 26, 2006.

Do Not Publish.

 
1. See Ex parte Liggins, 182 S.W.3d 928 (Tex. Crim. App. 2006).